IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JASON WINDSOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: CV-02-PT-1242-M |
| M.E. "MAC" HOLCOMB, et al., | ) ) ) |
| Defendants. | ) ) |

FILED
JUN 2 5 2002
UNITED STATES DISTRICT C—
NORTHERN DISTRICT OF ALA.

ENTERED
JUN 2 5 2002

## MEMORANDUM OPINION

This cause comes to be heard on defendant Sheriff Mac Holcomb's Motion to Dismiss filed on May 20, 2002.

### FACTS[1]

Plaintiff Jason Windsor ("Windsor") was employed by the Marshall County Commission as a police officer.[2] Windsor held the position of Deputy Lieutenant. During Windsor's employment the defendant, M.E. "Mac" Holcomb ("Holcomb") was, and continues to be the Sheriff of Marshall County, Alabama.

Holcomb demoted Windsor, on April 24, 2001, for allegedly neglecting his duties. Prior to this demotion, Holcomb and the Sheriff's Department failed to provide Windsor written or oral notice of the charges against him, explain to Windsor the nature of the evidence of those charges, and afford Windsor an opportunity to respond in a proper formal or informal hearing prior to the action taken against him. These actions were taken despite Windsor's request for a

---

[1] For the purposes of this motion, the facts alleged by the plaintiff in the complaint will be deemed true and correct.

[2] The complaint so alleges. The court assumes that he was employed by the Commission instead of by the Sheriff.

hearing.

Windsor timely filed notice of his grievance with the Personnel Board of Marshall County ("the Board"). Upon consideration of the evidence, the Board set aside the demotion of Windsor because the Sheriff's Department failed to provide Windsor with notice of the charges against him and an opportunity to respond to such charges. Holcomb appealed the Board's decision to the Circuit Court of Marshall County, Alabama. Holcomb later dismissed the appeal.

On August 3, 2001, Holcomb demoted Windsor a second time. The Board held a hearing concerning this personnel action. At the hearing the Sheriff's Department reported that it had voluntarily reinstated Windsor to his former position with back pay.[3]

On August 30, 2001, Holcomb demoted Windsor a third time for allegedly failing to follow through with a verbal department policy. Windsor again requested a hearing before the Board. The Board found that prior to the August demotion, "the Sheriff's Department provided Mr. Windsor written or oral notice of the charges raised against him, explained to Mr. Windsor the nature of the evidence of those charges and afforded Mr. Windsor an opportunity to respond in a proper formal or informal hearing prior to the action taken against him." Despite this finding, the Board set aside the demotion for two reasons:

> First, on procedural grounds, the Board finds that because, in the first two attempted demotions, the Sheriff's Department failed to provide Mr. Windsor written or oral notice of the charges and afford Mr. Windsor an opportunity to respond in a formal or informal hearing prior to his demotion, the third demotion, even with adequate notice and a hearing, could not cure the earlier defects. However, regardless of the procedural questions presented, the Board further concludes that, even if the procedural defects could be cured in a third attempt by the Sheriff's Department to demote Officer Windsor, the substantive grounds presented were insufficient to justify demotion.

---

[3] The court will interchangeably refer to Holcomb and the Sheriff's Department. The court assumes that Holcomb controlled the Sheriff's Department.

2

(Board Dec. at 3).

On April 23, 2002, Windsor filed a civil action against Holcomb in the Circuit Court of Marshall County, Alabama. Windsor alleged that Holcomb, in his individual and official capacity as Sheriff of Marshall County, Alabama, violated his right to "due process." Windsor also alleged that Holcomb's appeal of the Board's decision, and his subsequent dismissal of such appeal, constituted an "abuse of process" and "malicious prosecution." Furthermore, Windsor alleged that his reputation had been defamed by the actions of Holcomb.

On May 20, 2002, defendant Holcomb filed a Notice of Removal of this action to this court pursuant to 28 U.S.C. §§ 1331 & 1343. Holcomb filed the Motion to Dismiss contemporaneously with the Notice of Removal.[4]

## ARGUMENTS

Holcomb argues that the "federal" "due process" claim is due to be dismissed for several reasons. First, he contends that Windsor's allegations are insufficient to state a claim for a constitutional violation. In support of this proposition, Holcomb states that the complaint contains no mention of 42 U.S.C. § 1983 nor does it mention under what constitutional amendment Windsor is proceeding. *Relying on GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998).[5] Second, Holcomb points out that Windsor was reinstated by the Board to his former position. Thus, any deficiency in procedural due process that occurred prior to Windsor's demotion was cured by post-deprivation remedy. *See McKinney v.*

---

[4] Apparently the defendant assumes that any claim of a denial of due process is a federal claim. The plaintiff has not argued to the contrary nor moved to remand. Of course, if this court does not have subject matter jurisdiction, it must remand.

[5] Such an argument would appear to belie the basis for removal and subject matter jurisdiction.

*Pate*, 20 F.3d 1550 (11th Cir. 1994) (ruling that a violation of procedural due process rights does not occur until a governmental entity refuses to make available a means to remedy the alleged deprivation). Finally, Holcomb contends that he is entitled to qualified immunity as to any federal claims against him in his individual capacity. He points out that government officials, in their individual capacities, will be granted qualified immunity unless their conduct violated clearly established law. *Relying on Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146 (11th Cir. 1994). Holcomb concludes that Windsor cannot meet his burden of production to establish that Holcomb's conduct violated clearly established law.

Holcomb also argues that the state law claims for defamation, abuse of process, and malicious prosecution are due to dismissed for several reasons. First, Holcomb claims that he is entitled to sovereign immunity as to any claims against him either individually or officially under state law due to the fact that he is an executive officer of the State of Alabama. *Relying on Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1986); *Ex parte Purvis*, 689 So. 2d 794, 795 (Ala. 1996).[6] Second, Holcomb asserts that Windsor's complaint fails to state a claim under state law for defamation. Holcomb contends that Windsor has failed to allege that he made any defamatory statements or that the statements were published. Third, Holcomb claims that the "abuse of process" claim is due to be dismissed because Windsor has alleged in the complaint that Holcomb dismissed his appeal to the Marshall County Circuit Court. According to Holcomb, the Alabama Supreme Court stated in *Willis v. Parker*, 2001 WL 1021525 (Ala. 2001) that proceedings wherein the defendant filed a complaint and later dismissed the complaint could not form the basis of an abuse of process claim. *Id.* at *7. Finally, Holcomb argues that the

---

[6] Holcomb also asserts that as an executive officer of the State of Alabama, he is immune from suit under Article I, § 14 of the Alabama Constitution of 1901.

4

"malicious prosecution" claim is due to be dismissed. According to Holcomb, Windsor must demonstrate that (1) he initiated a legal action without probable cause and with malice, (2) the prior proceeding ended in favor of Windsor and (3) that Windsor suffered damages. *Id.* at *3. Since Windsor has alleged that Holcomb dismissed the appeal, Holcomb concludes that Windsor cannot demonstrate malice and any claim for damages.

In response Windsor argues that his "due process" claim is not due to be dismissed. First, he contends that Holcomb's reliance of *GJR Investments* is misplaced. In support of this contention, Windsor points out that the *GJR Investments* case dealt with land owner's application for a permit to build a recreational vehicle campground. He states that the Eleventh Circuit held that the trial court should have determined whether the alleged land owner (1) was treated differently from similarly situated applicants and (2) that the defendant unequally applied county zoning laws for the purpose of discriminating against land owners. Since in this case no other police officers were subjected to the same or similar treatment, Windsor concludes, *GJR Investments* is distinguishable and should not be relied upon.

Second, Windsor argues, the *McKinney* case does not warrant a dismissal of the "due process" claim. According to Windsor, the Eleventh Circuit stated in *McKinney* that "violation of substantive due process right is complete when it occurs, and thus availability *vel non* of adequate post deprivation state remedy is irrelevant: because this right is fundamental, no amount of process can justify its infringement." Windsor claims that Holcomb's "continued" efforts to demote and "otherwise harass" him outside the procedures set out within the Sheriff Department guidelines violate his substantive due process rights.

Finally, Windsor contends, Holcomb's claims of qualified immunity do not provide a basis for dismissal of the "due process" claim. He notes that the Eleventh Circuit in *Lassiter*

stated that "[q]ualified immunity protects government officials performing discretionary functions from civil trials . . . and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person should have known.'" 28 F.3d at 1149 (internal citation omitted). Windsor claims that Holcomb was not performing a discretionary function when he demoted Windsor twice. He concludes that "[o]bviously [Holcomb] is an incompetent officer who knowingly violated [Windsor's] rights and therefore is not immune from liability."

Turning to the state law claims, Windsor argues that the defense of sovereign immunity is not available because Holcomb's conduct violated clearly established constitutional rights or established law. He claims that this action is not one against the State of Alabama because he is not seeking reinstatement. To the contrary, he seeking permission to allow Holcomb to be sued for the continual harassment he has faced within the police department.[7]

Addressing the defamation claim, Windsor points out that Holcomb gave him two separate "notices" signed by Holcomb addressing the reasons for the demotion. He notes that the Board found none of the allegations to be true. Windsor states that the notices were published to the public and made available to various other officers and personnel within the police department. He claims that because the statements were false and he was demoted, he suffered injury by loss of job and loss of reputation in the community. *Relying on Harris v. School Annual Publishing Co.*, 466 So. 2d 963, 964 (Ala. 1985). Furthermore, he claims that the imputations of dishonesty by saying that he falsified certain information are actionable per se.

---

[7] Windsor points out that an exception to sovereign immunity defense would be an action to enjoin Holcomb from acting in bad faith, fraudulently, beyond his authority or under mistaken interpretation of law. He requests that this court allow him to amend the pleadings in order to seek this type of injunctive relief.

*See Conley v. Southern Import Sales, Inc.*, 382 F. Supp. 121 (M.D. Ala. 1974).

As for the abuse of process claim, Windsor acknowledges that there would be no liability where Holcomb did nothing more than carry out the process to its authorized conclusion. However, Windsor argues, Holcomb acted outside the boundaries of legitimate procedure after the appeal had been filed. According to Windsor, Holcomb continually gave newspaper interviews and made other claims against Windsor alleging that the facts contained in the appeal were true. He concludes that Holcomb used the filing of the appeal for the purposes of embarrassment and intimidation. Thus, he claims, an ulterior purpose and a wrongful use of process has been established.

Finally, Windsor argues that Holcomb is "guilty" of malicious prosecution as an extension of the abuse of process. He states that the only requirement here is whether Holcomb acted with probable cause. Since there are material facts from which an inference of probable cause my be drawn, Windsor asserts, the issue is a jury question. *Relying on Partridge v. Sawyer*, 383 So. 2d 184 (Ala. Civ. App. 1980).

In reply, Holcomb argues that Windsor's "switching" of his claim from procedural to substantive due process is to no avail.[8] According to Holcomb, the Eleventh Circuit held in *McKinney* that substantive due process has no application in employment cases:

> In short, areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because "substantive due process rights are created only by the Constitution."

*McKinney*, 20 F.3d at 1556. Furthermore, he claims that he is entitled to qualified immunity

---

[8] Holcomb notes that Windsor has switched from procedural to substantive due process claims even though his complaint never mentions substantive due process and specifically makes a claim for "procedural due process."

7

because it is a very broad protection and its application is the rule rather than the exception. *Relying on Lassiter*, 28 F.3d at 1149. Additionally, he claims to be entitled to Eleventh Amendment immunity because Alabama sheriffs are state officials. *Relying on Tinney*, 77 F.3d at 383. He points out that state officials are entitled to Eleventh Amendment immunity as to any constitutional claim against them in their official capacities. Finally, he contends that Windsor's state law claims for monetary damages are due to be dismissed based upon sovereign immunity.[9] He further notes that Windsor has not requested any injunctive relief in his complaint.

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327 (1991). All factual allegations are to be construed in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). Usually, a complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that will entitle him to relief. *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996).

---

[9] Holcomb points out that Windsor has not requested any injunctive relief in his complaint.

## CONCLUSIONS OF THE COURT

The court concludes that the plaintiff has not appropriately alleged any federal procedural or substantive due process claim. Any such purported claims will be dismissed. The state law claims will be remanded.

This __25th__ day of June 2002.

                                                                               **ROBERT B. PROPST**
                                          **SENIOR UNITED STATES DISTRICT JUDGE**

sl

United States District Court
Northern District of Alabama
June 25, 2002

* * MAILING CERTIFICATE OF CLERK * *

Re:  4:02-cv-01242

True and correct copies of the attached were faxed or mailed by the clerk to the following:

William E Bright Jr, Esq.
1976 Gadsden Highway, Suite 149
Birmingham, AL  35235

Robbie Alexander Hyde, Esq.
WEBB & ELEY PC
166 Commerce Street, Suite 300
PO Box 238
Montgomery, AL  36101-0238

Christina Harris Jackson, Esq.
WEBB & ELEY PC
166 Commerce Street, Suite 300
PO Box 238
Montgomery, AL  36101-0238